HARDY, Judge.
This is an action in quanti minoris whereby plaintiff seeks judgment in the sum of $1,457.35, representing the cost of replacement of an allegedly defective air-conditioning unit included as a fixture in a residence property purchased by plaintiff from defendant. From judgment rejecting plaintiff’s demands he has appealed.
The basis of plaintiff’s action is that he purchased the property, in which the air-conditioning unit was installed, on June 27, 1958, that shortly thereafter he began to experience difficulty with the efficiency of the cooling system, which necessitated a number of service calls; that in or about the month of May, 1959, plaintiff learned that the faulty unit was not new but had been previously installed in another house owned by defendant where it was damaged by fire, replaced by a new unit, kept in storage for a period of time and subsequently reconditioned and installed in the residence building purchased by plaintiff.
On the basis of the above facts plaintiff urges that the specified equipment was subject to latent vices and defects unknown to and concealed from him, as a result of which he is entitled to the cost of complete repair. Unquestionably plaintiff would be entitled to relief if the trial on the merits of this case substantiated his claim. However, our examination of the record fails to disclose the existence of a redhibitory vice or any adequate evidence upon whichi an award might be based.
The facts established by trial admit of no dispute. It is true that the unit in question was damaged by fire, but according to the testimony of plaintiff’s principal witness, Oliver L. Brooks, a heating and air-conditioning expert, the air-conditioning portion of the unit sustained only minor damage which was repaired by this witness, upon which work he granted to defendant an unrestricted warranty equal to that provided on completely new equipment. Plaintiff himself acknowledged on trial that he was engaged in an occupation embracing plumbing, heating and air-conditioning. The record does not disclose any defects in the equipment itself, nor any necessity for the undetermined number of service calls made by the witness, Brooks, at plaintiff’s request, beyond such adjustments as might be expected even in connection with the installation and operation of a new unit.
Plaintiff’s principal complaint is based upon the rather vague proposition that the unit does not satisfactorily perform its function of cooling his residence, but this was the full extent of his own testimony on the point and he called no other witness in support thereof. The evidence fails to disclose any specific defect or vice in the equipment and there is nothing which indicates any warranty on the part of defendant that the equipment was new or unused prior to its installation.
Even conceding plaintiff’s claim, which we have above expressly held to be unsubstantiated, as to the malfunction of the equipment the record is devoid of any adequate evidence in support of plaintiff’s monetary demand. The sole and only reference to this point is found in the vague and uncertain testimony of plaintiff on direct examination as follows:
“Q. Now Mr. Hunt, what price has been quoted you for the replacement of the portion of that unit that is necessary to put it in good condition ?
*74 “A. I don’t have the exact figures ah, but I believe I did give them to you and you probably have them in the —I got the statement from the wholesaler, prices on it and ah—
“Q. Now Mr. Hunt, was that figure that you gave me Fourteen Hundred and Seventy-five Dollars and Thirty Five Cents?
“A. This sounds like it, as well as I remember.”
It is our contention that the record woefully fails to support plaintiff’s right to relief, and, accordingly, the judgment appealed from is affirmed at appellant’s cost.